UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PECHON,

        Plaintiff,

- against -

HEWLETT-PACKARD COMPANY,

        Defendant.

06 CV 2504 (HB) (RLE)

**DEFENDANT'S LOCAL
RULE 56(A)(1) STATEMENT**

    Pursuant to Rule 56(a)(1) of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, Defendant Hewlett-Packard Company ("Defendant" or "HP") hereby submits the following statement of undisputed material facts:[1]

1. Plaintiff was employed with Compaq Computer Corp. in various sales positions from 1992 until its merger with HP in 2002. (Complaint, ¶¶ 9-13.)

2. After the merger, Plaintiff became employed with HP as a General Manager. (Complaint, ¶¶ 13, 14.)

3. In November 2002, Plaintiff was promoted to Vice President. (Complaint, ¶ 14; Declaration of James Otieno, sworn to on October 25, 2006 ("Otieno Decl."), ¶ 3.).)

4. Plaintiff was thereafter employed as a Vice President, Partner Sales, in the organizational sales department of the U.S. Consumer Sales division of HP's Imaging and Printing Group. (Complaint, ¶ 15; Otieno Decl., ¶ 3.)

5. Of HP's approximately 151,000 employees as of October 31, 2004, Plaintiff led a total of 47 employees. (Complaint, ¶ 14; Otieno Decl., ¶ 6, Exh. B, p. 16.)

---

[1] Defendant does not concede the truth of all the following facts, which are recited in a light most favorable to Plaintiff solely for purposes of this motion.

6. Plaintiff reported to Bill DeLacy, Vice President, North American Sales in the U.S. Consumer Sales division. (Complaint, ¶ 15.)

7. Mr. DeLacy was responsible for sales and marketing of HP's consumer products in the U.S. (*Id.*)

8. On October 31, 2003, HP implemented a Severance Plan for Executive Officers of Hewlett-Packard Company ("the Severance Plan"). (Complaint, ¶ 46; Otieno Decl., ¶ 2.)

9. The Severance Plan states: "This plan is applicable to individuals who are Executive Officers (within the meaning of Section 16 of the Securities and Exchange Act of 1934, as amended) of Hewlett-Packard Company ("HP") or who were Executive Officers of HP within 90 days of termination of HP employment." (Otieno Decl., Exh. A.)

10. The Severance Plan provides eligible participants for certain severance payments in the event of a "Qualifying Termination" as defined in the Severance Plan. (*Id.*)

11. HP terminated Plaintiff's employment on or about February 4, 2005. (Complaint, ¶ 44.)

12. Plaintiff did not receive any severance pay from HP in connection with the termination of his employment. (Complaint, ¶ 48.)

13. Plaintiff was not an Executive Officer within the meaning of Section 16 of the Securities and Exchange Act of 1934, as amended, and was never a participant in the Severance Plan. (Otieno Decl., ¶ 5.)

14. At no time was Plaintiff in charge of HP's Imaging and Printing Group in which he worked or any of HP's other principal business units, divisions, or functions.[2] (Otieno Decl., ¶ 3.)

15. Nor did Plaintiff perform a policy-making function for HP. (*Id.*)

16. Between November 1, 2004, and his termination, Plaintiff had a limited role in the partner sales area of the Specialty Retail Sales organization of the U.S. Consumer Business division of the Imaging and Printing Group. (Otieno Decl., ¶ 4.)

17. Plaintiff reported to the Vice-President and General Manager of U.S. Consumer Business, who reported to the Senior Vice-President of the Imaging and Printing Group for the Americas, who reported to the Executive Vice-President of the Imaging and Printing Group. (Otieno Decl., ¶ 4.)

18. The Executive Vice-President in charge of the Imaging and Printing Group, Vyomesh Joshi, qualified as an Executive Officer for purposes of the Severance Plan; not Plaintiff, not Plaintiff's supervisor, and not Plaintiff's supervisor's supervisor. (Otieno Decl., ¶ 4.)

---

[2] HP had the following business units at the time: Technology Solutions Group; Enterprise Storage and Servers; HP Services; Software; Personal Systems Group; Imaging and Printing Group; HP Financial Services; and Corporate Investments. (*See* Otieno Decl., Exh. B, pp. 4-7.) As noted, Plaintiff was a sales manager in the Imaging and Printing Group.

19. As Plaintiff was never an Executive Officer of HP within the meaning of Section 16 of the Securities and Exchange Act of 1934, as amended, he did not have standing to seek nor is he entitled to any benefits under the Severance Plan. (Otieno Decl., ¶ 5.)

Dated: October 26, 2006
New York, New York

Respectfully submitted,

_____
A. Michael Weber (AW-8760)
David S. Warner (DW-4576)
LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, New York 10022-4834
Telephone:  212.583.9600
Facsimile:  212.832.2719

Attorneys for Defendant